UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID MCCULLOUGH,

                                  Plaintiff,

                                                                                      7:15-CV-0638
v.                                                                             (DNH/TWD)

SYRACUSE POLICE DEPARTMENT,

                                  Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

DAVID MCULLOUGH, 95-B-2598
Plaintiff pro se
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that the action be dismissed without leave to amend.

**I.    ALLEGATIONS OF THE COMPLAINT**

       Plaintiff alleges that his truck and work tools were stolen from his sister's residence, where they were being stored while he was incarcerated. (Dkt. No. 1 at 4.) Plaintiff's sister reported the vehicle stolen, but "the Syracuse police informed her that she was not the owner." *Id.* Plaintiff wrote two letters to the Syracuse Police Department requesting an investigation into

the theft. *Id.* The police department did not respond. *Id.* Plaintiff's sister later learned that the truck had been illegally sold to a scrap yard. *Id.*

In this action, Plaintiff sues the Syracuse Police Department for failing to investigate the theft, failing to enforce the law regarding the illegal sale of Plaintiff's truck to a scrap yard, and failing to file a police report regarding the theft. (Dkt. No. 1 at 6.) Plaintiff requests $5000 in compensatory damages and $10,000 in punitive damages. *Id.* at 7.

## II.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

**IV.    ANALYSIS**

Plaintiff sues the Syracuse Police Department under 42 U.S.C. § 1983 for failing to

3

investigate the theft of his truck and tools, failing to enforce the law regarding the illegal sale of Plaintiff's truck to a scrap yard, and failing to file a police report regarding the theft. (Dkt. No. 1 at 1, 6.) Such an allegation fails to state a federal civil rights claim as a matter of law. *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that parents had no constitutional due process property interest in adequate police investigation of motor vehicle collision that killed their son); *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985) (a claim against a police department for failure to investigate is insufficient to state a civil rights claim unless another constitutional right is implicated); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 388 (E.D.N.Y. 2013) (crime victims "do not have a constitutionally protected right to a government investigation of alleged wrongdoing"); *Jordan v. Fischer*, 773 F. Supp. 2d 255, 278 (N.D.N.Y. 2011) (citing *Gomez*); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) ("[T]he law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual."). Therefore, I recommend that the Court dismiss the complaint.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* Here, the problem with Plaintiff's claim is substantive and could not be cured by better pleading because there is simply no constitutional right to have the police investigate a crime. Therefore, I recommend that the Court dismiss the action without leave to amend.

4

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: June 5, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge